IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 8:24-cv-0650 - TPB-SPF |
| | ) |
| v. | ) |
| | ) |
| KENIA RODRIGUEZ, aka | ) |
| KENIA LEGON, individually and | ) |
| operating under the fictitious entity | ) |
| known as RODRIGUEZ TAX | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### UNITED STATES' MOTION TO DISMISS DEFENDANT KENIA RODRIGUEZ'S COUNTERCLAIM

The United States moves to dismiss the counterclaim of Defendant Kenia Rodriguez ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The United States has not waived sovereign immunity to her counterclaim, and her allegations fail to state a claim upon which relief can be granted.

### INTRODUCTION

On March 12, 2024, the United States brought this action to enjoin Defendant Kenia Rodriguez from preparing tax returns for others. (ECF No. 1). On March 27, 2024, the parties entered a consent judgment in which Defendant agreed to a preliminary injunction that bars Defendant from preparing returns for others

until the Court renders a final decision on the merits. (ECF No. 5). The Court granted the motion and entered a separate preliminary injunction. (ECF No. 7-8). Following the Court's order on the preliminary injunction, the parties then agreed to a permanent injunction, which the Court granted on April 4, 2024. (ECF No. 9-10).

Defendant answered the complaint on April 12, 2024. (ECF No. 12). In the answer, Defendant asserts a counterclaim against the United States for $1 million dollars, alleging that the United States ordered her to close her tax preparation business, caused her a miscarriage, and ruined her reputation without any cause. *Id*. Defendant cites no statutory or other basis to support her counterclaim. *Id*. Regardless, the United States has not consented to the claim, and it must be dismissed.[1]

### A. The Court Lacks Subject Matter Jurisdiction.

It is well settled that the United States may not be sued without its consent, and that the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015). For this reason, no suit may be maintained against the United

---

[1] Defendant's allegation that the United States caused her miscarriage asserts a common law tort claim. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, the United States has waived sovereign immunity for lawsuits caused by the negligent or wrongful acts of its employees. But Defendant has not invoked the FTCA and has not alleged that she first exhausted her administrative remedies. *See* 28 U.S.C. § 2675(a).

States unless it is brought in strict compliance with the terms of a statute under which the United States has consented to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Zelaya*, 781 F.3d at 1321–22. The party bringing an action against the United States "bears the burden of demonstrating an unequivocal waiver of immunity." *Graham v. FEMA*, 149 F.3d 997, 1005 (9th Cir. 1998) (internal quotation marks omitted). And waivers of sovereign immunity are to be strictly construed and implied exceptions are forbidden. *Lehman*, 453 U.S. at 161 (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)); *Zelaya*, 781 F.3d at 1322.

The United States construes Defendant's counterclaim as asserting a claim for both defamation and physical harm. As stated, Defendant alleges that the United States ordered her to close her tax preparation business, caused her to suffer a miscarriage, and ruined her reputation without any cause. Defendant, however, does not allege that the United States waived sovereign immunity to be sued when pursuing an injunction under 26 U.S. §§ 7407 and 7408. Accordingly, because no waiver of sovereign immunity is alleged, this Court cannot adjudicate Defendant's claims for defamation or physical harm. The counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**B. Defendant Fails to State a Claim for Which Relief Can Be Granted.**

Even if the Court had jurisdiction over this matter, the counterclaim fails to state a claim for which relief can be granted. First, Defendant fails to affirmatively

3

allege any misconduct by the United States, as she voluntarily agreed to the injunction at the heart of this case, and her claim does not specify what actions by the United States caused her miscarriage. The claim therefore does not satisfy the specificity requirements set forth by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Furthermore, to state a claim for defamation under Florida law, "the plaintiff must allege and prove:1) publication; 2) falsity; 3) that the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official or public figure (actual malice), or at least negligently on a matter concerning a private person; 4) actual damages; and 5) the statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Defendant did not allege these elements in her counterclaim. On this basis, and because the allegations on the purported harm lack specificity, Defendant fails to state a claim for which relief can be granted.

## CONCLUSION

The Court lacks jurisdiction over Defendant's counterclaim. And the allegations presented fail to state a claim for which relief can be granted. The counterclaim should be dismissed.

Dated: May 17, 2024                                  Respectfully submitted,

                                                 DAVID A. HUBBERT
Deputy Assistant Attorney General

***/s/ Malcolm M. Murray***
Malcolm M. Murray
PA Bar No. 317831

Andrew J. Weisberg
NY Bar No. 561321

Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
(202) 307-6499 (v-Murray)
(202) 616-3884 (v-Weisberg)
(202) 514-4963 (f)
Malcolm.Murray@usdoj.gov
Andrew.J.Weisberg@usdoj.gov

*For Plaintiff United States*

*Of Counsel:*

ROGER B. HANDBERG
United States Attorney
Middle District of Florida

5

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 1.08(a) and 1.08(b), that this document has been typed using 14-point Times New Roman font and is double-spaced with one-inch margins. I further certify that, pursuant to Local Rule 3.01(a), this motion is no longer than twenty-five pages.

/s/ Malcolm M. Murray
Malcolm M. Murray
Trial Attorney
U.S. Dept. of Justice, Tax Division

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, the foregoing was filed with the Court through the Court's CM/ECF system. Furthermore, I certify that on May 10, 2024, my office will send a copy of this document to the following party via USPS and email:

Kenia Rodriguez
519 Haynes Road
Lakeland, FL 33809
kkencha@aol.com

/s/ Malcolm M. Murray
Malcolm M. Murray
Trial Attorney
U.S. Dept. of Justice, Tax Division