UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No.: 8:24-cv-650-TPB-SPF

KENIA RODRIGUEZ, aka
KENIA LEGON, individually and
operating under the fictitious entity
known as RODRIGUEZ TAX
SERVICES,

    Defendant.
_____/

**ORDER GRANTING "UNITED STATES' MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "United States' Motion for Summary Judgment," filed on November 22, 2024. (Doc. 38). Defendant Kenia Rodriguez filed a response in opposition on December 2, 2024. (Doc. 39). The United States filed a reply on December 16, 2024. (Doc. 40). Upon review of the motion, response, reply, court file, and the record, the Court finds as follows:

**Background**

In 2015, Defendant Kenia Rodriguez became licensed to prepare tax returns and started a tax preparation service, Rodriguez Tax Services. Defendant's clientele grew over time as she acquired customers by word of mouth and through her mother, who also operated a tax preparation service. Though Defendant prepared less than 100 returns in her first year of business, she eventually obtained over 1,000 customers. In fact, from 2016 to 2023, Defendant filed an average of 1,200 returns

each year. The rates she has charged clients changed over time. Defendant charged $125 to prepare each return in 2020, $150 to prepare each return in 2021, $175 to prepare each return in 2022, and $214-265 to prepare each return in 2023.

Defendant engaged in a tax preparation method colloquially known as "ghost preparing." After obtaining basic financial information from customers, Defendant would use Turbo Tax to prepare their tax returns, stylizing each return as "self-prepared." Then, when submitting the returns to the IRS, Defendant would not identify herself as a preparer through an Electronic Filing Identification Number ("EFIN"), which the Internal Revenue Service ("IRS") requires for those who file more than ten federal tax returns annually. Defendant also did not identify herself as a preparer through her Preparer Tax Identification Number ("PTIN"). Instead, Defendant would only write her PTIN on copies of returns that she would send back to her customers. As a result, the tax returns Defendant submitted to the IRS in no way identified Defendant or Rodriguez Tax Services as the preparer.

On March 11, 2019, the IRS opened a tax fraud investigation into Defendant concerning her tax preparation practices. The investigation found that Defendant consistently prepared tax returns on behalf of her customers that understated their tax liabilities and overstated their refunds. In addition, the investigation concluded that Defendant engaged in other fraudulent practices.

Plaintiff United States of America filed this civil suit against Defendant on March 12, 2024. (Doc. 1). Defendant has admitted that she engaged in fraudulent tax preparation practices subject to penalty under 26 U.S.C. §§ 6694 and 6695, and she

stipulated to entry of an injunction and final judgment that bars her from preparing returns for others, among other things. (Docs. 5; 8; 9; 11; 12; 39).

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

As Defendant in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* defendant must still conform to procedural rules, and the Court does

not have "license to act as *de facto* counsel" on behalf of a *pro se* defendant.[1] *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Judgment has already been entered against Defendant on Counts I, II, and III of the complaint. The only pending matter before the Court is the Government's request for disgorgement in Count IV.

In the motion for summary judgment, the Government argues that the undisputed facts show that Defendant prepared numerous fraudulent returns that improperly reduced the amount of tax her customers reported to the IRS and concealed her identity on the returns she prepared by not providing her EFIN or PTIN. Because Defendant unjustly profited from her fraudulent conduct, the Government argues that, under 26 U.S.C. § 7402, the Court should order Defendant to disgorge to the United States $136,875.00, which represents a reasonable estimate of Defendant's ill-gotten profits.

District courts are permitted to "make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a); *see United States v. Stinson*, 729 F. App'x 891, 897-99 (11th Cir. 2018). One such remedy is disgorgement, which is "an equitable remedy intended to prevent unjust enrichment." *SEC v. Monterosso*, 756 F.3d 1326, 1337 (11th Cir. 2014) (per curiam); *United States v. Mesadieu*, 180 F. Supp. 3d 1113, 1119 (M.D. Fla. 2016) (Disgorgement

---

[1] The Court advised Defendant to retain counsel on numerous occasions, including at an in-person case management conference. She has declined to do so.

is a remedy to "remind[] the defendant of its legal obligations, serves to deter future violations of the Internal Revenue Code, and promotes successful administration of the tax laws."). A court's disgorgement power, however, is not unlimited. It "extends only to the amount with interest by which the defendant profited from his wrongdoing" because "[a]ny further sum would constitute a penalty assessment." *SEC v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978).

The Government is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains. *See S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004) ("Exactitude is not a requirement; so long as the measure of disgorgement is reasonable . . . ."). The Government must show some relationship between the disgorgement amount and the amount of the defendant's ill-gotten gains. *CFTC v. Sidoti*, 178 F.3d 1132, 1138 (11th Cir. 1999). Once the Government produces a reasonable approximation, the burden shifts to the defendant to show why the amount is unreasonable. *See SEC v. Lauer*, 478 F. App'x 550, 557 (11th Cir. 2012).

In this case, the United States limits its disgorgement request to the minimum tax preparation fees that Defendant would have received in a single year between the years 2020 and 2023.[2] Specifically, based on Defendant's testimony about her charged rates in 2020, 2021, 2022, and 2023, the Government requests $136,875.00, which the Government contends is the lowest possible approximation of Defendant's ill-gotten gains based on Defendant's own testimony regarding the number of clients she had,

---

[2] This request likely understates the fees Defendant actually received, but a higher request appears to be impracticable since Defendant actively sought to conceal her identity as a return preparer for around a decade.

the amount she charged the clients, and her lack of any identification (through either EFIN or PTIN) on her customers' returns.[3]

In her response, Defendant disputes a few of the Government's factual claims, none of which are material and most of which are manufactured only by contradicting Defendant's own deposition testimony. "The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; it must be a genuine issue of material fact." *Israel v. John Crane, Inc.*, 601 F. Supp. 3d 1259, 1264 (M.D. Fla. 2022) (Jung, J.). A fact is considered material only when it might affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248. Defendant's quibbles about the year she started preparing taxes (2015 or 2016) and whether she received an EFIN in 2021 are not material.[4] And Defendant's claim in her response in opposition that she only prepared 1,095 returns total is directly contradicted by her deposition testimony, where she testified, among other things, that she prepared around 1,000 to 1,200 returns *each year* in the last few years. (Doc. 38-2 at p. 18-20).

Defendant tries to avoid summary judgment by arguing that because monetary penalties for not signing tax returns are available, she should only be required to pay those penalties and is not subject to disgorgement. Defendant further argues that closing her business "should be penalty enough."[5] But Defendant's personal feelings

---

[3] This number is calculated by multiplying the lowest fee ($125) by 1,095 returns.
[4] The Court notes that in Defendant's own deposition, she testified that she began preparing taxes in 2015.
[5] 26 U.S.C. § 6695 provides a penalty of $50 for a failure to comply with its subsections, with a maximum overall noncompliance penalty of $25,000.

about the requested equitable relief do not create a genuine issue of fact, nor is she entitled to a remedy of her choosing.

Defendant additionally argues that the Government has "not shown any evidence," and that the only thing shown "was a document [Defendant] was pressured into signing and had no right signing in the fragile physical and emotional condition [Defendant] was in and without counsel." This borders on frivolous. The Government has presented sufficient evidence to support its claim for disgorgement, including an affidavit, declaration, and deposition transcripts. Reviews of the communications between the Government's counsel and Defendant show no inappropriate behavior or "pressure." Defendant agreed to a consent preliminary injunction and then a permanent injunction. (Docs. 8; 11). The permanent injunction is a final judgment, and Defendant has not moved to vacate it. *See* (Doc. 11) ("This Order constitutes a final judgment on Counts I, II, and III of the complaint."). The Court has had numerous hearings in this case and has encouraged Defendant to retain counsel on multiple occasions. *See* (Docs. 18; 21; 23). Defendant has knowingly and voluntarily elected to proceed without counsel, and she cannot now try to shield herself from liability based on that decision.

Here, disgorgement serves the interests of deterrence and the successful administration of the tax laws, and it prevents Defendant from profiting from her wrongdoing. The Government's request for $136,875.00 is a reasonable if not modest approximation of ill-gotten gains, and it gives Defendant every benefit of the doubt and accepts her deposition testimony as unquestioned.

## Conclusion

It is undisputed that Defendant engaged in fraudulent conduct by preparing tax returns where she did not identify herself on the returns. Judgment has already been entered against her as to this conduct. The only issue, therefore, is whether the Government has established entitlement to disgorgement, or if there are any factual issues remaining that would require a trial. Based on the undisputed material facts, the United States has established that it is entitled to disgorgement in the amount of $136,875.00

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "United States' Motion for Summary Judgment" (Doc. 38) is hereby **GRANTED**.

2. The Clerk is directed to enter judgment in favor of the United States, and against Defendant Kenia Rodriguez, on Count IV of the "Complaint for Permanent Injunction" (Doc. 1) in the amount of $136,875.00.

3. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of December, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE